UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

DERRICK EDWARD EVERETT,    |

    Petitioner,    |    Civil Action No. 6:11-180-HRW

    |

v.    |

    |

R. IVES, Warden,    |    **MEMORANDUM OPINION**

    |    **AND ORDER**

    Respondent.    |

***** ***** ***** *****

Derrick Edward Everett is a federal inmate in the custody of the Bureau of Prisons ("BOP"). While confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky, Everett filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the amount of jail time the BOP has credited against his federal sentence.[1] [D.E. No. 2]

In his petition Everett asserts that while the BOP credited him with 99 days of presentence credits, it should have given him presentence credits from June 4, 2007, the day he was arrested by local police on state charges, through August 27, 2008, the date he was sentenced on federal charges. Everett also claims that the BOP should

---

[1] The Bureau of Prisons' online "Inmate Locator" database indicates that Everett has since been transferred to the Federal Transfer Center in Oklahoma City, Oklahoma. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList =false&IDType=IRN&IDNumber=60236-066&x=111&y=30 (last visited on May 31, 2012).

have commenced his federal sentence on the day it was imposed, rather than on September 11, 2009, when he was released by state prison officials to start his federal sentence. [D.E. No. 2-1 at 3-4] The BOP has established his presumptive release date to be February 27, 2014, but Everett contends that he should have been released in April of 2011. To rectify the perceived errors, Everett seeks presentence credits pursuant to *Willis v. United States*, 438 U.S. 923 (5th Cir. 1971) under BOP Policy Statement 5880.28(2)(c); a *nunc pro tunc* designation of the state prison facility as the place of service for his federal sentence from June 4, 2007 to August 27, 2008 under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); and immediate release from custody.

The Court screens habeas petitions pursuant to 28 U.S.C. § 2243. At the screening phase, the Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted). Because Everett is not entitled to habeas relief, his petition will be denied and this proceeding will be dismissed.

# I

On June 4, 2007, while on probation and parole Everett was driving a stolen car when local police in Lancaster County, Pennsylvania, attempted to arrest him. Everett attempted to flee in the car until he crashed it, then ran on foot into a private

2

residence. After a struggle with police officers, Everett was arrested and charged with numerous offenses under Pennsylvania law. *Commonwealth of Pennsylvania v. Derrick Everett*, Docket No. CP-36-CR-0003525-2007; *see also United States v. Derrick Edward Everett,* No. 5:08-CR-0039-JKG (E.D. Pa. 2008). [D.E. No. 20 at 8-9 therein]

On January 22, 2008, Everett was indicted in federal court for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), that was subject to forfeiture under 18 U.S.C. § 924(d). On February 13, 2008, Everett made his initial appearance in federal court pursuant to a writ of habeas corpus *ad prosequendum.* On April 15, 2008, Everett pled guilty to the felon-in-possession charge pursuant to a written plea agreement. [D.E. No. 19 at 1 therein] On August 27, 2008, the federal court sentenced Everett to 63 months imprisonment to be followed by a three-year term of supervised release. The federal judgment expressly recommended that "if appropriate" the BOP should credit Everett "for all time served between June 4, 2007 and February 12, 2008 in state County, Pennsylvania" and "for all time served in federal custody since February 13, 2008 ..." The federal judgment is silent as to whether the federal sentence should be served consecutively to or concurrently with the as-yet unimposed state sentence. [D.E. No. 22 at 3 therein]

On March 19, 2009, Everett pled guilty to a single charge in the Pennsylvania state courts and was sentenced to 1-2 years imprisonment, which the state court

indicated should be served concurrently with the federal sentence; the remaining state charges were dropped. [D.E. No. 26 at 2 therein]  Everett completed service of his state sentence on September 11, 2009, and was transferred to federal custody to begin his federal term.

In his inmate grievances to the BOP, Everett sought both *Willis* credits and a retroactive designation under *Barden*. [D.E. No. 2-2 at 2]  In response, the BOP noted that Everett could not receive credit for the time periods in question because it had already been applied in satisfaction of his state sentence and 18 U.S.C. § 3585(b) expressly precludes "double counting." [D.E. No. 2-2 at 5]  With respect to Everett's request to invoke the *Willis* exception to this rule, the BOP noted that because the federal judgment was silent on the question, 18 U.S.C. § 3584 requires the federal sentence to be served consecutively to his state sentence rather than concurrently with it. [D.E. No. 2-2 at 7]  With respect to Everett's request for a retroactive designation under *Barden*, the BOP indicated that it had considered the factors identified in 18 U.S.C. § 3621(b) and had contacted the federal sentencing judge for a recommendation, and determined that a *Barden* designation was not appropriate. [D.E. No. 2-2 at 7]

## II

Everett first contends that the BOP was required to follow the sentencing court's recommendation in its judgment that he be credited with "all time served

4

between June 4, 2007 and February 12, 2008 in state County, Pennsylvania" and "for all time served in federal custody since February 13, 2008 ..." [D.E. No. 22 at 3]  This is not correct.  As a threshold matter, the sentencing judge appropriately prefaced this recommendation with the words "if appropriate," which indicates that such credit should only be given if consistent with the applicable statutes.  But even had the judgment not included this caveat, it is beyond the power of a sentencing judge to calculate presentence credits or order the BOP to do so in a particular way - this authority is vested exclusively with the BOP as the delegate of the Attorney General. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992); *Castro v. Sniezek*, 437 F. App'x 70, 71 (3d Cir. 2011).

Second, the BOP properly denied Everett *Willis* credits.  By its terms, 18 U.S.C. § 3585(b) expressly forbids crediting time against a federal sentence that has already been credited against a state or other federal sentence.  *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).  *Willis* credits are an exception to this rule, but only apply "[w]here a prisoner is subject to a federal sentence and a state sentence that run concurrently, and the federal sentence will run longer than the state sentence."  If so, "the BOP will credit the prisoner's sentence with any time spent in non-federal presentence custody that began after the federal offense is committed, up until the prisoner began service of either the federal or nonfederal sentence." *Cruz v. Wilson*, No. 09-cv-281-GFVT (E.D. Ky. 2009), *aff'd*, No. 11-5471 (6th Cir. 2011)

("*Willis* time credits may only be awarded to prisoners whose federal and state sentences run concurrently, not consecutively as Cruz's do."). As in *Cruz*, Everett's federal and state sentences were to run consecutively, not concurrently, through operation of Section 3584(a) in light of the federal judgment's silence on the matter. Further, the state court's direction that its sentence should be served concurrently with the as-yet uncommenced federal sentence was without practical effect in light of Pennsylvania's primary jurisdiction over Everett. *United States v. Allen*, 124 F. App'x 719 (3rd Cir. 2005) ("[w]hile a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP."); *Sims v. United States of America*, 2009 WL 3061994, at * 5 (E.D. Ky. 2008).

Third, the BOP's consideration of Everett's request for a retroactive designation under *Barden* was procedurally proper, and its denial of his request was not an abuse of discretion. The BOP expressly considered the factors set forth in 18 U.S.C. § 3621(b):

> The review determined the relevant factors under the statute were (2), (3), and (4). Under factors (2) and (3), the nature and circumstances of your current offense and criminal history were considered. Under factor (4), the federal Judgment in a Criminal Case was reviewed and found to be silent regarding the relationship of the federal sentence to any pending state sentence.
>
> In accordance with Title 18 U.S.C. § 3584, multiple terms of imprisonment imposed at different times run consecutively unless the

6

court orders that the terms are to run concurrently. Although the court
was contacted and given the opportunity to clarify its position regarding
the service of your federal sentence, a response was not received.

Upon review of the above factors, it was determine[d] you are not
appropriate for a nunc pro tunc designation. Therefore, your request is
denied.

[D.E. No. 2-2 at 7]  In determining whether the BOP abused its discretion, "[t]he test
is not whether a reviewing court would weigh the factors differently. The writ may
issue only where an error is fundamental and carries a serious potential for a
miscarriage of justice." *Eccleston v. United States*, 390 F. App'x 62, 64–65 (3d Cir.
2010). Because the BOP "arrived at a conclusion that was neither irrational nor
palpably at odds with 18 U.S.C. § 3621(b) ... [it] did not abuse the wide discretion
afforded it under *Barden*." *Perez v. Hogsten*, 2012 WL 3599557, at *4 (E.D. Ky.
2012) (*citing Ramos–Rodriguez v. Warden, FCI Fort Dix*, No. 11–2967, 2011 WL
4537749, at * 2 (3d Cir. Oct.3, 2011)).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The petition filed by Derrick Edward Everett for a for writ of habeas corpus
pursuant to 28 U.S.C. § 2241 [D.E. No. 2] is **DENIED**;

2. The Clerk of the Court is directed to send Everett a copy of this
Memorandum Opinion and Order to his current address of record **and** to Everett at
his present BOP address:

Derrick Edward Everett, #60236-066

7

FTC Oklahoma City
Federal Transfer Center
P. O. Box 898801
Oklahoma City, OK 73189

3.  Judgment shall be entered contemporaneously with this Order; and

4.  This action is **STRICKEN** from the active docket.

This 13th day of June, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

8